326 November 29, 2023 No. 624

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of L. S.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

L. S.,
*Appellant.*

Klamath County Circuit Court
22CC04504; A179303

Marci Warner Adkisson, Judge.

Submitted September 29, 2023.

Joseph DeBin and Multnomah Defenders, Inc., filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Kirsten M. Naito, Assistant Attorney General, filed the brief for respondent.

Before Egan, Presiding Judge, and Kamins, Judge, and Kistler, Senior Judge.

EGAN, P. J.

Affirmed.

**EGAN, P. J.**

Appellant appeals a judgment of the trial court committing her to the custody of the Mental Health Division of the Oregon Health Authority for a period up to 180 days, as a "person with mental illness," ORS 426.130(1)(a)(C). As relevant here, a "person with mental illness" includes "a person who, because of a mental disorder," is "[d]angerous to self or others" or is "[u]nable to provide for basic personal needs that are necessary to avoid serious physical harm in the near future, and is not receiving such care as is necessary to avoid such harm." ORS 426.005(1)(f). The state bears the burden of proving by "clear and convincing evidence" that a person is a person with a mental illness ORS 426.130(1)(a). Here, after a hearing, the trial court determined that appellant is a person with a mental illness, because she suffers from a mental disorder that causes her to be a danger to herself. On appeal, appellant contends that the evidence is not clear and convincing that appellant is a person with a mental illness and that the trial court therefore erred.

We are bound by the trial court's findings of historical fact that are supported by any evidence in the record. *State v. R. E.*, 248 Or App 481, 483, 273 P3d 341 (2012). In reviewing the trial court's ruling, we view the evidence, as supplemented and buttressed by permissible derivative inferences, in the light most favorable to the trial court's disposition and assess whether, when so viewed, the record was legally sufficient to permit a rational factfinder to find that it was highly probable that appellant presented a danger to herself. *See State v. M. J. F.*, 306 Or App 544, 545, 473 P3d 1141 (2020) (danger to self); *State v. M. C.*, 227 Or App 530, 206 P3d 1096 (2009) (basic needs).

A detailed discussion of the record that led the trial court to reach its conclusion that appellant is a danger to herself would not be of assistance to the bench, the bar, or the parties. Suffice it to say that we have reviewed the record and conclude that it is legally sufficient to permit the trial court to find that it was highly probable that appellant was a danger to herself because she was at risk of serious physical injury as a result of her mental disorder.

Affirmed.